NATHANIEL WEST *v.* OTIS THOMPSON AND HIRAM HOUSE.

*Action on receipt maintainable in name of deputy sheriff.*

A deputy sheriff who attaches personal property, and takes a receipt for it in his own name, has such a personal interest in it that, upon a refusal to deliver, he may maintain an action for it either in trover, or assumpsit on the receipt, in his own name.

TROVER for certain property attached by the defendant, as a deputy sheriff, upon a writ of attachment against the defendant Thompson for which both defendants gave their receipt. The attachment, receipt and a demand and refusal to redeliver were proved in the county court. The defendants contended that the action should have been brought in the name of the sheriff, and cauld not be sustained in the name of the deputy;—but the county court, June Term, 1853,—POLAND, J. presiding,—decided otherwise, and rendered judgment for the plaintiff. Exceptions by the defendants.

*Cooper & Bartlett* for the defendants.

The plaintiff, having parted with the custody of the property, is thrown back upon his title. The sheriff, and not the deputy, being liable to the creditor for its safe keeping, the action should be in his name. Comp. Stat. 97 § 6. *Johnson* v. *Edson*, 2 Aik. 299. *Davis* v. *Miller*, 1 Vt. 9. *Ayer* v. *Johnson*, 9 Vt. 363. *Blodget* v. *Adams*, 24 Vt. 23. *Ludden* v. *Leavitt*, 9 Mass. 104. *Pettes* v. *Marsh*, 15 Vt. 454.

*Peck & Colby*, for the plaintiffs, relied upon *Sibley* v. *Story*, 8 Vt. 20.

The opinion of the court was delivered by

BENNETT, J. We think the deputy sheriff, who attached the property, has such a special interest in it that he may well sue in trover or in assumpsit on his receipt. Though, for an official neglect in not keeping the property so that it might be taken in execution, the creditor's remedy must be against the sheriff, yet the deputy would be personally liable to the sheriff and, upon the ground of his liablity over to the sheriff, he must have the legal right to protect his possession against any one who has not a superior right.

He does not sue in his official capacity, but that, in connection with the proofs and proceedings under it, are matters of evidence to show a special property vested in the deputy sheriff as an individual and in his private right. This can hardly be regarded as an open question.

Judgment of county court affirmed with costs.